On October 30, 1975 the court issued the following order:
Before CoweN, OMéf Judge, Laramore, Senior Judge, and BeNNétt, Judge.
“This case before the court presents the question of whether plaintiff, a Regular Army enlisted man, retired for length of service and, at his request, later recalled to active duty as an enlisted man, and thereafter in 1971 released because he was found physically unfit for duty, to a degree of 30 percent, is entitled to advancement to the grade of Major, the highest grade he held as a Reserve officer. Plaintiff performed no active duty as a Major but had such duty as a Lieutenant.
“Plaintiff says that in denying him such advancement the Department of the Army acted arbitrarily, capriciously, and contrary to law, and that he should have been re-retired at the higher commissioned grade instead of reverting to the *1051 highest enlisted grade he achieved on active duty. We think plaintiff’s claim to be without legal merit.
“Plaintiff reverted to his retired status with full credit for his additional active service, a higher grade earned therein, and his disability, pursuant to an explicit order-citing 10 U.S.C. § 1402(b) (1970) as authority for the action. That section fits plaintiff’s factual situation. It says, in part:
§ 1402. Recomputation of retired or retainer pay to reflect later active duty.
# ‡ ‡ ❖
(b) A member of an armed force who has been retired other than for physical disability, and who while on active duty incurs a physical disability of at least 30 percent * * * is entitled, upon his release from active duty, to retired pay under subsection (d).
“Subsection (d) prescribes the method of recomputation of benefits used for plaintiff here. The subsection is implemented by Army Regulation 635-40, paras. 1-15, 15 May 1967, also applied here. It is conceded that plaintiff, under appropriate sections of the statutes, could have retired as a 1st Lieutenant but that he waived his right to do so because it was less financially advantageous to him.
“Plaintiff now complains that he should have been re-retired under 10 U.S.C. § 1372 (1970) which states, in pertinent part:
§ 1372. Grade on retirement for physical disability: members of armed forces.
Unless entitled to a higher retired grade under some other provision of law, any member of an armed force who is retired for physical disability under section 1201 or 1204 of this title, * * *, is entitled to the grade equivalent to * * *
(2) The highest temporary grade or rank in which he served satisfactorily, as determined by the Secretary of the armed force from which he is retired.
“Plaintiff also cites the court to other sections of the statutes including 10 U.S.C. §§ 1203, 1375, 3964, and 1401.
“Where plaintiff fails here is that, as shown above, he simply was not retired under 10 U.S.C. §§ 1201 or 1204 nor have we been shown why these general sections a,re applicable and the specific section, § 1402, ‘Recomputation of re *1052 tired or retainer pay to reflect later active duty,’ which fits plaintiff’s factual situation, is inapplicable. Plaintiff did not in' his brief respond to this threshold issue raised by defendant’s motion. In oral argument plaintiff’s counsel conceded that the latter section was indeed applicable but urged that the other sections could also be applicable. We have examined all pertinent sections and all cases relied upon by plaintiff and find them inapposite as to section 1402. Defendant relies on an opinion by the Judge Advocate General in a strikingly parallel case, JAGA 1971/4921, 2 September 1971.
“Plaintiff has appealed unsuccessfully to the Army Board for Correction of Military Records. Plaintiff has not briefed and has abandoned his claim to a 40-percent disability rating as a part of the pending claim.
“Upon consideration of the motions, the briefs, authorities relied upon by both parties, and upon oral argument,
“it is therefore ordered that plaintiff’s motion for summary judgment be denied. Defendant’s cross-mjotion for summary judgment is granted. The petition is dismissed.”
On January 9,1976 the court denied plaintiff’s motion for reconsideration.